TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00411-CR







Augustine Duran, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-94-0065-S, HONORABLE BARBARA WALTHER, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of attempted aggravated sexual assault and assessed
punishment, enhanced by a previous felony conviction, at imprisonment for thirty years and a
$10,000 fine. Act of May 8, 1975, 64th Leg., R.S., ch. 203, § 4, 1975 Tex. Gen. Laws 476, 478
(Tex. Penal Code Ann. § 15.01, since amended). We will affirm.

 Appellant first contends that the district court erred by refusing to permit testimony
that the victim admitted inhaling aerosol paint fumes about the time the charged offense took
place. Outside the presence of the jury, the victim's cousin testified that the victim told her that
she had been "spraying" or inhaling acrylics with her friends during the general time period in
which appellant assaulted her. Also outside the presence of the jury, the victim admitted telling
her cousin of her use of acrylics but denied any such use on the night of the offense.

 Appellant contends that evidence of the victim's inhalant use around the time of the
charged offense was admissible as reflecting on her credibility as a witness. See Virts v. State,
739 S.W.2d 25, 30 (Tex. Crim. App. 1987) (proof of mental illness or disturbance as reflecting
on credibility). There was no evidence, however, that the victim had been abusing inhalants when
she was attacked by appellant, or that the victim's alleged use of acrylics at other times had a
negative effect on her ability to perceive events on the night of the offense. The district court did
not err by excluding the proffered testimony. Tex. R. Crim. Evid. 404(b). Point of error one
is overruled.

 Appellant's other point of error complains of the overruling of his motion for new
trial on the ground of unauthorized communications with jurors. Tex. R. App. P. 30(b)(7); see
Tex. Code Crim. Proc. Ann. art. 36.22 (West 1981). One of the jurors had a cellular telephone. 
During a break in the jury's deliberations at the guilt-innocence stage, several jurors used this
phone to call their families and tell them they were going to be late. The jurors unanimously
testified that appellant's case was not discussed during any of these unauthorized conversations. 


 The rule against jurors conversing with unauthorized persons about a case is so
strong that injury to the accused is presumed. McMahon v. State, 582 S.W.2d 786, 793 (Tex.
Crim. App. 1978). This presumption is rebuttable, however. If it is shown that the case was not
discussed or that nothing prejudicial to the accused was said, a new trial is not required. Mayo
v. State, 708 S.W.2d 854, 856 (Tex. Crim. App. 1986); McMahon, 582 S.W.2d at 793. In light
of the undisputed testimony that appellant's case was not discussed during the unauthorized
telephone conversations, the district court did not err by overruling the motion for new trial. 
Point of error two is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: May 31, 1995

Do Not Publish